UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE D. DELL,

    Plaintiff,

Case No. 2:16-cv-11308

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                   /

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [28], ADOPTING REPORT AND RECOMMENDATION [25],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [18], GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [24], AND DISMISSING
CASE**

The Commissioner of the Social Security Administration (SSA) denied Plaintiff Michelle Dell's application for Disability Insurance Benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 11-3, PgID 186–210. The SSA Appeals Council reviewed and remanded the decision. *Id.* at 211–14. The Commissioner denied Dell's application for benefits again, in a decision issued by a second ALJ. ECF 11-2, PgID 44–70. The SSA Appeals Council denied Dell's request to review the ALJ's decision.

Dell appealed and the Court referred the matter to the magistrate judge. The parties then filed cross-motions for summary judgment. *See* ECF 18, 24. The magistrate judge issued a Report and Recommendation suggesting the Court grant the Commissioner's motion, deny Dell's motion, and dismiss the case. ECF 25. Dell's timely objections followed. ECF 28. For the reasons stated below, the Court will overrule the objections, adopt the Report, deny Dell's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs review of a magistrate judge's report. If the parties "serve and file specific written objections to the proposed findings and recommendations," then the Court must review the report de novo. Fed. R. Civ. P. 72(b)(2), (3). A district court need not review portions of a report, however, to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a social security appeal, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ must consider the entire body of evidence but need not directly address each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

The Report adopted the factual record made by the ALJ, incorporated by the Defendant, and described by Dell in her motion for summary judgment. The Court will do the same. Any deviations from these accounts will be referenced as a citation to the record. In addition, the Court will adopt the Report's recitation of the procedural history.

Dell lodges two objections. First, she challenges the Report's conclusion that the ALJ properly determined that Dell's gastroesophageal reflux disease (GERD), cardiac problems, hypertension, peptic ulcer disease, and bipolar disorder were not severe impairments. Also, Dell contends that the ALJ failed to "consider her nonsevere impairments in formulating his residual functional capacity assessment." ECF 28, PgID 892.

Dell made an identical argument to the Magistrate Judge, and the Report addressed the argument in great detail. ECF 25, PgID 868–71. As the Report noted, so long as an ALJ "consider[s] both severe and nonsevere impairments in the subsequent steps," then it becomes "legally irrelevant" whether the ALJ considered some impairments nonsevere at step two. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008); *see also Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error.").

Here, the ALJ considered and discussed Dell's nonsevere impairments after step two. ECF 11-2, PgID 50 (mental impairments including bipolar disorder); *id.* at 54 (GERD, hypertension, and peptic ulcer disease); *id.* at 56 (bipolar disorder); *id.* at 52, 59 (cardiac impairments). Since the ALJ considered Dell's nonsevere impairments after step two, Dell's

3

objection cannot prevail. The Court finds no grounds to reject the Magistrate's conclusion or the ALJ's decision.

Second, Dell challenges the Magistrate Judge's analysis of the ALJ's medical opinion evaluation. According to Dell, the ALJ "cherry pick[ed]" facts that supported a denial of benefits and ignored facts that supported a grant of benefits. ECF 28, PgID 896. Dell's argument fails at the outset because "[a] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010). Dell did not raise the argument in her motion for summary judgment, and she may not raise it for the first time in an objection.

In any event, to the extent Dell argues that substantial evidence supports assigning greater weight to the medical opinions on Drs. Kheir, Matteussi, and Sollars, her objection must be overruled. The Court's role is "not to resolve conflicting evidence in the record[.]" *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Instead, the Court focuses "on whether substantial evidence supports" the Commissioner's decision. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Here, the ALJ's decision described—in exceptional detail—the treatment history and medical opinions of Drs. Kheir, Matteussi, and Sollars. *See* ECF 11-2, PgID 53–59. The ALJ's decision to discount the medical opinions of Drs. Kheir, Matteussi, and Sollars finds ample support in the objective record evidence. *Id.* at 61–62. Dell relies primarily on evidence from her own testimony, and the medical opinions themselves to rebut the ALJ's determination. What Dell describes as cherry picking "can be described more neutrally as

4

weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) The Court finds no basis to overrule the Report.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [28] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [25] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for summary judgment [18] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment [24] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** with prejudice.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

5